**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL FITZGERALD,** | : | **CIVIL NO. 1:CV-13-2452** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **KIMBERLY A. BARKLEY,** | : | |
| **Defendant** | : | |

# O R D E R

## I.    Background

Michael Fitzgerald ("Fitzgerald"), an inmate confined at the State Correctional Institution

at Pittsburgh, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  He

has not submitted the required filing fee or any of the necessary forms to proceed in forma

pauperis in this matter.  Named as Defendant is Kimberly A. Barkley, Secretary of the

Pennsylvania Board of Probation and Parole ("PBPP").  In the complaint Fitzgerald claims that

he is being unlawfully denied re-parole.  Specifically, he claims that he was out on parole but

thereafter recommitted as a technical parole violator.  On February 4, 2013, he states that the

PBPP rendered a decision holding that he must serve an additional 12 months in addition to the

13 months he served as a recommitted parole violator.  (Doc. 1, Compl. at 1.)  He claims that he

has complied with all institutional prescriptive requirements and has not been issued any

misconducts.  Despite these facts, he claims that the PBPP continues to deny him re-parole.  AS

relief he seeks his immediate release from prison on parole or, in the alternative, his release

without any further parole supervision.  For the reasons that follow, the complaint will be

dismissed without prejudice to any right Fitzgerald may have to pursue his claims in a properly

filed habeas corpus petition.

## II.  <u>Discussion</u>

In the petition it is clear that Fitzgerald is challenging the legality of his confinement and seeks his release from prison.  He does not challenge the conditions of that confinement.  It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert. denied</u>, 510 U.S. 920 (1993).  Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that Fitzgerald challenges the legality of his present incarceration and seeks speedier or immediate release from custody.  As such, the present claims are not properly before the court in a civil rights action.  A civil rights action addresses matters where a finding in a plaintiff's favor would not alter his sentence or undo his conviction, such as a challenge to his conditions of confinement.  <u>See</u> <u>Leamer v. Fauver</u>, 288 F.3d 532 (3d Cir. 2002).

Consequently, the complaint will be denied without prejudice to any right Fitzgerald may have to reassert his present claims challenging his present incarceration a properly filed habeas corpus petition.[1]

**ACCORDINGLY, THIS 30th DAY OF SEPTEMBER, 2013, IT IS HEREBY**

---

[1] In this regard, the Court expresses no opinion as to the merits of any habeas corpus petition Fitzgerald may file based upon the facts asserted herein. He is advised, however, that any habeas corpus petition he files must be accompanied by either the required $5.00 filing fee or the court's <u>in forma pauperis</u> form.

**ORDERED AS FOLLOWS:**

1.      The complaint (Doc. 1) is **dismissed without prejudice**

2.      Plaintiff, if he so chooses, may reassert his present claims in a properly filed habeas corpus action.

3.      The Clerk of Court is directed to forward to Plaintiff two (2) copies of this Court's form § 2254 habeas corpus petition, as well as an in forma pauperis form.

4.      The Clerk of Court is directed to close this case.


S/ Yvette Kane
YVETTE KANE, Judge
Middle District of Pennsylvania